IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATHANIEL DAVID MARCH, | ) | CASE NO.  1:25-CV-01428 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | ORDER ADOPTING MAGISTRATE |
| SECURITY, | ) | JUDGE'S REPORT AND |
| | ) | RECOMMENDATION |
| Defendant. | ) | |

This matter comes before the Court upon the *Report and Recommendation* of United States Magistrate Judge Jonathan D. Greenberg.  The *Report and Recommendation* (ECF #9), issued on June 3, 2026, is hereby ADOPTED by this Court, without objection.

On July 8, 2025, Plaintiff/Claimant Nathaniel David March filed a *Complaint* in this Court (ECF #1) challenging the final decision of the Commissioner of the Social Security Administration, which decision denied his application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq.*  (ECF #5, *Transcript of Proceedings* ["*Tr.*"], pp. 17-43; PageID #40-#66).[1]  The Administrative Law Judge ("ALJ") determined that, while Plaintiff/Claimant

---

[1]     Plaintiff filed his Title II application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income on October 11, 2023.  (ECF #5, *Tr.*, p. 17; PageID #40).  The application was denied initially and upon reconsideration, and he thereafter requested

Nathaniel David March had a number of severe impairments,[2] "the claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925[,] and 416.926)," (ECF #5, *Tr.*, p. 20; PageID #43), and that "after careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b)," within certain specified limitations as set forth in the ALJ's decision. (ECF #5, *Tr.*, p. 23; PageID #46).

Plaintiff/Claimant March claims that: "(1) The ALJ erred when she failed to find that the findings of the Functional Capacity Evaluation were persuasive[;] (2) The ALJ erred when she failed to support her conclusions or discuss supportability or consistency when she evaluated the opinions of the treating source[;] [and] (3) The ALJ committed harmful error when she failed to properly apply the criteria of Social Security Rule 16-3p." (ECF #6, *Plaintiff's Brief on the Merits*, p.1, PageID #2325, *as reproduced at* ECF #9, *Report and Recommendation*, p. 2;

---

a hearing before an Administrative Law Judge. (ECF #5, *Tr.*, pp. 160, 165, 180, 184, 187; Page ID #183, #188, #203, #207, #210). On March 4, 2025, the hearing was held. (ECF #5, *Tr.*, pp. 48-86; PageID #71-#109). On March 12, 2025, the Administrative Law Judge issued a written decision finding that Plaintiff/Claimant March was not disabled. (ECF #5, *Tr.*, pp. 17-43; PageID #40--#66). That decision became final on May 22, 2025, when the Appeals Council declined further review. (ECF #5, *Tr.*, pp. 1-3; PageID #24-#26).

[2]

Specifically, the ALJ's decision noted "[t]he claimant has the following severe impairments: Autism, Attention Deficit Hyperactivity Disorder (ADHD), Post Traumatic Stress Disorder (PTSD), Depression, Anxiety, Histrionic and antisocial traits, Obesity, Chronic pain, Soft tissue damage in joints, Chronic fatigue, Hypothyroidism, Polyarthritis, Osteoarthritis of right knee status post ACL repair 10/2023, Biceps tear in left upper extremity status post repair, Osteoarthritis of the left elbow, Tear of left hip, and Bilateral carpel tunnel syndrome (20 CFR 404.1520(c) and 416.920(c))." (ECF #5, *Tr.*, p. 20; PageID #43).

PageID #2364).

The Magistrate Judge to whom this matter was referred pursuant to N.D. Ohio L.R. 3.1 (*See* Non-Numbered Docket Entry accompanying ECF #1), Magistrate Judge Jonathan D. Greenberg, found that:

> The ALJ properly considered the objective medical evidence, including diagnoses, examination results, treatment effectiveness and lack of medication side effects.  Moreover, the ALJ discussed several of the factors set forth in SSR 16-3p for finding March's impairments not as disabling as he alleged.  She considered March's testimony, activities of daily living, the location, frequency, and intensity of his symptoms, medication side effects or lack thereof, and scope of treatment.  * * * Substantial evidence supports the ALJ's decision.  Given the high level of deference owed to an ALJ's findings with respect to the evaluation of a claimant's alleged symptoms and resulting limitations, under the circumstances presented herein, the court does not find the ALJ's symptom analysis was insufficient.  There is no error.

(ECF #9, *Report and Recommendation*, p. 28; PageID #2390) (internal citations omitted).

Based on a full review of the arguments presented, the applicable law, and the record before the Court, Magistrate Judge Greenberg's *Report and Recommendation* (ECF #9) recommends that the Commissioner of Social Security's final decision as reflected in the ALJ's ruling be affirmed.  (ECF #9, p. 29; PageID #2391).

Plaintiff/Claimant March has not since filed any objections to the Magistrate Judge's June 3, 2026 *Report and Recommendation*.

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to the report and recommendation.  When objections are made to the magistrate judge's report and recommendation, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b)(3).  When no timely objection is filed, "the court need only satisfy itself that there is no clear error on the face of the record in order to

-3-

accept the recommendation." FED. R. CIV. P. 72 Advisory Committee Notes (citations omitted). *See also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.") (on *certiorari* from the Sixth Circuit).

While not required to do so under the applicable standard governing review of a *Report and Recommendation* to which no objection has been filed, the Court nevertheless has reviewed *de novo* the *Report and Recommendation*, and ADOPTS the *Report and Recommendation* in its entirety.

The Commissioner's decision denying Mr. March's Period of Disability, Disability Insurance Benefits, and Supplemental Social Security Income is AFFIRMED.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: _July 27, 2026_

-4-